MATILDA A. GIBBONS, Appellant, v. ASHTON K. MARTIN and THELMA DEAN MARTIN, Respondents.

No. 7409

April 30, 1975　　　　　　　　534 P.2d 915

[Rehearing denied June 4, 1975]

*Nada Novakovich,* of Reno, for Appellant.

*Woodburn, Wedge, Blakey, Folsom & Hug,* and *C. Robert Cox,* of Reno, for Respondents.

## OPINION

*Per Curiam:*

On June 18, 1972, appellant filed suit seeking to enjoin the respondents from interfering with an alleged prescriptive easement upon a "turnaround" located on the respondents' property

which facilitated egress from the garage area on appellant's property.

The pleadings, motions and decision of the trial court all deal exclusively with the issue of easement by prescription. Now, for the first time on this appeal, appellant asserts theories of an easement by necessity, an easement by estoppel and an irrevocable license coupled with an interest.

Points not urged in the trial court will not be entertained for the first time on appeal. Cummings v. City of Las Vegas Mun. Corp., 88 Nev. 479, 499 P.2d 650 (1972).

Appellant contends that these alternative theories were tried with the "implied consent" of the parties. NRCP 15(b) provides in part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . ."

The counterpart of NRCP 15(b), Federal Rules of Civil Procedure 15(b), is discussed in 3, Moore's Federal Practice § 15.13(2), pages 992 to 997 (1974): ". . . [A]n amendment after judgment is not permissible which . . . changes the theory on which the case was actually tried, even though there is evidence in the record—introduced as relevant to some other issue —which would support the amendment. This principle is sound, since it cannot be fairly said that there is any implied consent to try an issue where the parties do not squarely recognize it is an issue in the trial. . . . The test should be whether the defendant would be prejudiced by the implied amendment, i.e., . . . whether he could offer any additional evidence if the case were to be retried on a different theory. In terms of the Rule, where such prejudice is found it can be said that no implied consent exists. . . . Implied consent usually is found where one party raises an issue material to the other party's case, or where evidence is introduced without objection. . . . In a court case, the court must make findings on such issues. . . ." Cf. Cleary v. Indiana Beach, Inc., 275 F.2d 543 (7th Cir. 1960); Sears, Roebuck & Co. v. Marhenke, 121 F.2d 598 (9th Cir., 1941); Hart v. Knox County, 79 F.Supp. 654 (D.C.Tenn. 1948).

The record reveals no findings made by the trial court with reference to the theories of necessity, estoppel or irrevocable license coupled with an interest. Only the prescriptive easement issue was squarely considered by the parties and the trial court. The respondent, who has had no opportunity to address these

new theories, would be prejudiced if they were to be given consideration by us. We will not consider the validity of appellant's theories of an irrevocable license coupled with an interest and easement by necessity and estoppel because the "implied consent" anticipated by NRCP 15(b) is absent.

Affirmed.