KEY BANK OF ALASKA, an Alaska Bank Corporation, Appellant, *v.* MYLLIE JO DONNELS, Individually and as Executor of the Estate of WAYNE T. DONNELS, and WALKER BOUDWIN CONSTRUCTION COMPANY, INC., Respondents.

No. 19267

KEY BANK OF ALASKA, an Alaska Bank Corporation, Appellant, *v.* MYLLIE JO DONNELS, Individually and as Executor of the Estate of WAYNE T. DONNELS, and WALKER BOUDWIN CONSTRUCTION COMPANY, INC., Respondents.

No. 19816

February 20, 1990                     787 P.2d 382

*Lionel Sawyer & Collins, M. Kristina Pickering,* and *William R. Killip,* Reno, and *Henderson & Nelson,* Reno, for Appellant.

*McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks,* and *Margaret M. Springgate,* Reno, for Respondents.

## OPINION

*Per Curiam:*

In 1985, appellant Key Bank of Alaska loaned $869,552.15 to respondent Walker Boudwin Construction Company (Walker Boudwin), a Nevada corporation. The obligation was evidenced by a promissory note and secured by a deed of trust on real property located in Reno. Both were executed by respondent Wayne Donnels, president of Walker Boudwin. The obligation was additionally secured by personal guaranties signed by Donnels and his wife, Myllie Jo, in favor of the bank. The note and guaranties were governed by Alaska law while the deed of trust incorporated by reference Nevada foreclosure provisions.

After Walker Boudwin defaulted on the note in 1986, Key Bank elected to sell the Nevada property under the provisions of the deed of trust and thereafter sought a deficiency judgment. The Donnels and Walker Boudwin moved for dismissal of the action under NRCP 12(b)(5), and the district court granted the motion.

Thereafter, respondents filed a motion for attorney's fees on the basis of NRS 18.010(2)(a) and (b). Appellant filed a countermotion for fees on the basis of contractual provisions in the promissory note and guaranties. The district court granted respondents' motion and denied appellant's motion. We consolidated Key Bank's appeals from these orders.

Appellant contends that the district court erred in applying Alaska law because the deed of trust incorporated by reference NRS 107.030(6), (7) and (8) concerning foreclosure in the event of default on an obligation. Appellant maintains that the parties intended Nevada law to apply to actions involving the Reno property and asserts that it is unreasonable to conclude that the parties would authorized Nevada foreclosure proceedings while intending that their use would result in forfeiture of a deficiency under Alaska law.

Respondents do not argue, however, that appellant had no right to pursue foreclosure under the terms of the deed of trust pursuant to NRS 107.080. Rather, they contend that once appellant elected to foreclose on that basis rather than pursuant to NRS 40.430, it was precluded by Alaska Statute 34.20.100 from

pursuing a deficiency action.[1] Furthermore, regardless of whether the parties agreed that Nevada foreclosure procedures would apply, an action for a deficiency after partial satisfaction through sale of the security is an action on the debt. *See* Nevada Land & Mtge. v. Hidden Wells, 83 Nev. 501, 504, 435 P.2d 198, 200 (1967); McMillan v. United Mortgage Co., 82 Nev. 117, 122, 412 P.2d 604, 606 (1966). We have held that "[i]t is well settled that the expressed intention of the parties as to the applicable law in the construction of a contract is controlling if the parties acted in good faith and not to evade the law of the real situs of the contract." Sievers v. Diversified Mtg. Investors, 95 Nev. 811, 815, 603 P.2d 270 (1979). Because there is no evidence or argument here regarding bad faith or evasion of Nevada law, the provision designating Alaska law in the promissory note is valid. Therefore, based on our decisions in *Hidden Wells* and *Sievers,* we hold that the district court did not err in concluding that the deficiency action was an action on the promissory note which contained a valid and enforceable agreement that Alaska law was to apply to the debt.

Appellant contends, however, that even if the district court correctly concluded that Alaska law governed, the court erred in applying the relevant statute. Appellant maintains that AS 34.20.100 does not apply extraterritorially to non-judicial foreclosure proceedings because the language "as authorized by AS 34.20.070—34.20.130" expressly limits the application of the statute to summary foreclosure procedures conducted in Alaska.[2] Appellant cites Hull v. Alaska Federal Sav. & Loan Ass'n, 658 P.2d 122 (Alaska 1983), in which the Alaska Supreme Court held that AS 34.20.100 "applies only to non-judicial foreclosure sales (sales under a deed of trust under sections 70-130), as in this case, and not to judicial foreclosure sales." *Id.* at 124 (citation omitted).

---

[1]AS 34.20.100 provides that:

When a sale is made by a trustee under a deed of trust, as authorized by AS 34.20.070—34.20.130, no other or further action or proceeding may be taken nor judgment entered against the maker or the surety or guarantor of the maker, on the obligation secured by the deed of trust for a deficiency.

[2]AS 34.20.070 provides in pertinent part:

Sale by trustee. (a) If a deed of trust is executed *conveying real property located in the state* to a trustee as security for the payment of an indebtedness and the deed provides that in case of default or noncompliance with the terms of the trust, the trustee may sell the property. . . .

(Emphasis added.)

In dismissing appellant's complaint, the district court apparently construed the language of AS 34.20.100 as illustrative rather than exclusive and concluded that the statute applied extraterritorially. However, we cannot agree with respondents' contention that if the Alaska legislature intended to limit the anti-deficiency provisions, it would not have placed non-restricting commas around the clause "as authorized by AS 34.20.070—34.20.130." On the contrary, we read the offsetting commas as indicating a clear intent to limit the effect of the statute to foreclosures under those sections, especially because AS 34.20.070 expressly refers to deed of trust conveyances of property *located in Alaska.* Furthermore, because anti-deficiency statutes derogate from the common law, they should be narrowly construed. 3 Sutherland, *Statutory Construction* § 61.01 (4th ed. 1986). Consequently, we agree with appellant that the district court erred in concluding that AS 34.20.100 applied extraterritorially.

Appellant further contends that the district court abused its discretion in granting respondents' motion for attorney's fees based on NRS 18.010(2)(a) and (b). While respondents maintain that the award was proper under either subsection, we note that because respondents did not recover a money judgment below, the only possible basis for the court's award of attorney's fees was subsection (b). When attorney's fees are based on the provisions in subsection (a), we have held that an award of a money judgment is a prerequisite to an award of attorney's fees.[3] *See, e.g.,* International Indus. v. United Mtg. Co., 96 Nev. 150, 157, 606 P.2d 163, 167 (1980).

Respondents maintain that attorney's fees were proper under subsection (b) because appellant's complaint was brought without reasonable grounds and to harass. Respondents argue that because appellant is a bank doing business and making loans in Alaska, it is "presumably aware of Alaska law." Contrary to respondents' contention, however, the law in this case was not free from doubt, as is evident from the fact that the district court erred in applying the Alaska statute. We believe that appellant's complaint presented complex legal questions concerning statutory interpretation and legislative intent, raised on reasonable grounds and without any purpose to harass. Accordingly, we hold that the district court abused its discretion in awarding attorney's fees to respondents on the basis of NRS 18.010(2)(b).

---

[3]Subsection (a) is the current version of the equivalent subsections cited in our previous decisions.

Appellant also contends that the district court erred in denying its counter-motion for attorney's fees as provided for in the promissory note and the personal guaranties signed by respondents. Appellant notes that in executing the note and guaranties, the parties expressly agreed that respondents would pay the bank's reasonable attorney's fees in the event appellant had to bring an action on the note and guaranties. Respondents argue that the district court correctly denied appellant's motion for fees, stating that the provisions cited by appellant are unenforceable because they are barred by AS 34.20.100. As we have already determined that the district court erred in applying AS 34.20.100, this argument is without merit. Furthermore, because the provisions in the promissory note and the guaranties were valid and enforceable, the district court erred in denying appellant's motion for attorney's fees based on the parties' agreement. *See* NRS 18.010(1).

However, respondents note that the deed of trust incorporated by reference NRS 107.030(7), which provides that proceeds of a foreclosure sale shall first be used to pay the expenses of the sale together with reasonable expenses of the trust, including counsel fees. We agree that any counsel fees incurred in executing on the security (i.e. expenses of the trust) should have been satisfied by the proceeds of the foreclosure sale. On remand, the district court should reconsider appellant's motion for attorney's fees based on the provisions in the promissory note, taking into account the amount of attorney's fees associated with the foreclosure sale, to which proceeds of the sale should be applied.

Accordingly, we reverse the district court's order dismissing appellant's complaint and remand for further proceedings consistent with this opinion.