SHUPE & YOST, INC., a Colorado Corporation, Appellant, *v.* FALLON NATIONAL BANK OF NEVADA, Respondent.

No. 22786

February 23, 1993            847 P.2d 720

*Mackedon & McCormick,* Fallon, for Appellant.

*Jones, Jones, Close & Brown,* and *Julien G. Sourwine,* Reno, for Respondent.

---

[7]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this matter.

## OPINION

*Per Curiam:*

Shupe & Yost, Inc. (Shupe) is a Colorado corporation engaged primarily in the trucking business. Throughout the year 1986, Shupe hauled agricultural commodities to John Van Dyke, dba Hollandia Dairy (Hollandia), in Churchill County, Nevada. Hollandia paid Shupe for the commodities by delivering a check, payable to Shupe and drawn on Fallon National Bank of Nevada (Fallon National), to Shupe's driver, Al Granz (Granz). From April 1986 to September 1986, Hollandia issued seven checks payable to Shupe totalling $12,980. Without Shupe's authority, Granz endorsed the checks. Shupe alleges that Granz negotiated the checks and received cash.

Shupe discovered the unauthorized endorsements and brought suit against Fallon National in April 1990, praying for the return of the $12,980 (plus interest). Fallon National moved to dismiss pursuant to NRCP 12(b)(5), arguing that the complaint failed to state a claim upon which relief could be granted because the action was barred by the three-year statute of limitations for conversion actions set forth in NRS 11.190(3)(c). The district court issued an order granting Fallon National's motion to dismiss, finding that the complaint pled conversion and that the statute of limitations for a conversion action had run. The district court also granted Fallon National's motion for attorney's fees and costs, ruling that it was a prevailing party within the meaning of NRS 18.010(2)(a). For the reasons set forth below, we affirm the portion of the order of the district court dismissing Shupe's action and vacate the award of attorney's fees and costs to Fallon National.

### The Statute of Limitations

The district court applied the statute of limitations set forth in NRS 11.190(3)(c), which reads in relevant part:

> 11.190 Periods of limitation. Actions other than those for the recovery of real property, unless further limited by specific statute, can only be commenced as follows:
>
> . . . .
>
> 3. Within 3 years:
>
> . . . .
>
> (c) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof
>
> . . . .

Shupe argues on appeal that some jurisdictions allow a contract

action by a payee against a payor bank where the check has been paid over a forged endorsement. *See* Citizens State Bank v. National Sur. Corp., 612 P.2d 70 (Colo. 1980). Shupe contends that its pleading should be broadly construed to encompass a contract claim, in which case the statute of limitations is six years under NRS 11.190(1)(b).

We disagree with the reasoning set forth in *Citizens State Bank*. The better reasoned approach is set forth in Daube v. Bruno, 493 So.2d 606 (La. 1986). *Daube* dealt with the same question as is presented in the case at hand: whether an action by the rightful owner and payee of a check, which the bank paid over a forged endorsement, is subject to the statute of limitations for conversion or the statute of limitations for an action on a negotiable instrument. *Id.* at 606. The Louisiana Supreme Court held that an action by the true owner of the check against the bank is not an action on a negotiable instrument. *Id.* at 607. The court stated:

> Under the common law, an owner of personal property has the right to enjoy its undisturbed possession. This right extends to the owner of a negotiable instrument. Whenever an owner's right to possession of an instrument is seriously interfered with, the owner has a cause of action in tort for conversion against the person causing the interference. An owner's right to possession is seriously interfered with when another person has exercised control or dominion over the instrument. . . .
>
> . . . According to the drafters, [U.C.C. § 3-419(1)(c)] is a new section which "adopts the prevailing view of decisions holding that payment on a forged indorsement is not an acceptance, but that even though made in good faith it is an exercise in dominion and control over the instrument inconsistent with the rights of the owner, and results in liability for conversion." U.C.C. § 3-419, comment No. 3. Other comments indicate that the action for conversion is in tort, not on the note, and that it is not intended to conflict with liability under other sections. *Id.*, comments nos. 2, 6.

*Id.* at 608. The *Daube* court noted that the provisions of the Louisiana Commercial Code statutes were virtually identical in organization and function to that of the Uniform Commercial Code and stated that the legislative aim must have been to follow the scheme, approach and technique of the Uniform Commercial Code. *Id.* at 609. Therefore, the court concluded that the action for conversion under Louisiana statute 10:3-419(1) (the Nevada counterpart is NRS 104.3419(1)) was a delictual[1] action only and

---

[1] The term "delict" is defined as a tort or wrong, including a wrongful act which directly affects an individual or his property. Black's Law Dictionary 384 (5th ed. 1979).

not an action on the instrument under theories of contract, warranty or other theories. *Id.* The court noted that those remedies are provided for under different sections of the commercial code. *Id.*

We agree with the reasoning and rule set forth in *Daube.* It does not make sense for a payee of a check paid over a forged endorsement to sue the payor bank on a theory of contract or warranty. When a payor bank pays a check over a forged endorsement, it does not establish a contractual relationship with the payee and it does not warrant anything to the payee. Further, contract liability and warranty liability are set forth in different sections of the Nevada Uniform Commercial Code. *See, e.g.,* NRS 104.3413, NRS 104.3414 and NRS 104.3417.

The district court did not err when it applied the three-year statute of limitations for conversion under NRS 11.190(3)(c). Shupe's causes of action for conversion on all the checks are time barred, as it did not bring suit within three years of the date of which any of the checks were issued.

### Attorney's Fees

The district court held that Fallon National was a prevailing party within the meaning of NRS 18.010(2)(a) and was therefore entitled to attorney's fees and costs in the amount of $1,250. NRS 18.010(2)(a) provides in relevant part:

> 2.   In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
> (a) When he has not recovered more than $20,000 . . . .

The district court erred in awarding attorney's fees and costs to Fallon National. In Key Bank v. Donnels, 106 Nev. 49, 53, 787 P.2d 382, 385 (1990), this court stated that "[w]hen attorney's fees are based on the provisions in [NRS 18.010(2)] subsection (a), we have held that an award of a money judgment is a prerequisite to an award of attorney's fees." *See* also International Indus. v. United Mtg. Co., 96 Nev. 150, 157, 606 P.2d 163, 167 (1980); City of Las Vegas v. Cragin Industries, 86 Nev. 933, 478 P.2d 585 (1970). There was no money judgment in this case; therefore, we vacate the award of attorney's fees and costs to Fallon National.[2]

---

[2]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this appeal.