An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN FLOYD VOSS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59400



FILED

MAY 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing appellant's complaint in a civil rights action. Second Judicial District Court, Washoe County; Robert H. Perry, Judge.

In 2010, appellant filed a complaint in district court, which he entitled "Petition for Return of Personal Property." The complaint alleged that in 1996, respondent had unlawfully seized his property in violation of the Fourth Amendment, and it asked that the district court order respondent to return the property. The district court construed the complaint as being a motion to suppress, concluded that such a motion should have been made in conjunction with appellant's 1998 criminal prosecution, and dismissed the complaint for failure to state a claim upon which relief could be granted. *See* NRCP 12(b)(5); NRS 174.125 (requiring that a motion to suppress evidence be filed within 15 days of the start of the criminal trial at which the evidence may be used). This appeal followed.

On appeal, appellant contends that the district court erred in construing his complaint as being a motion to suppress. Rather, appellant contends that his complaint asserted a civil rights action premised on the

13-14436

illegal seizure of his personal property. *See* 42 U.S.C. § 1983 (1996) (providing a cause of action to redress the violation of constitutional rights); *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 917 (9th Cir. 2003) (indicating that "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983" and explaining that when the litigant does not expressly advance his or her allegations as such, a court will nevertheless "construe the[ ] allegations under the umbrella of § 1983" (quotation omitted)).

We agree with appellant that his complaint, when liberally construed, alleges a deprivation of civil rights under § 1983. Nevertheless, dismissal was still proper, as appellant's complaint fails to state a claim for which relief can be granted. Namely, § 1983 actions are considered to be personal injury actions and are subject to the forum state's applicable statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 269, 276 (1985). Nevada's statute of limitations for personal injury actions is two years. *See* NRS 11.190(4)(e). As appellant's cause of action accrued in 1996 when his constitutional rights were allegedly violated, his 2010 complaint is time-barred.[1]

---

[1]Because appellant's complaint seeks a return of his property, his complaint may be better construed as asserting a state-law cause of action for conversion. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 328, 130 P.3d 1280, 1287 (2006) ("Conversion is a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights."). So construed, this cause of action would also be time-barred. *See Shupe & Yost, Inc. v. Fallon Nat'l Bank of Nev.*, 109 Nev. 99, 102, 847 P.2d 720, 721 (1993) (indicating that a conversion action is subject to NRS 11.190(3)(c)'s three-year statute of limitations).

Because any cognizable causes of action based on the allegations in appellant's complaint were time-barred by the applicable statute of limitations, his complaint failed to state a claim for which relief could be granted. *See In re AMERCO Derivative Litig.*, 127 Nev. \_\_\_, \_\_\_, 252 P.3d 681, 703 (2011) ("If the allegations contained in the . . . complaint demonstrate that the statute of limitations has run, then dismissal upon the pleadings is appropriate."). Accordingly, we affirm the district court's dismissal of appellant's complaint. *See J.D. Constr. v. IBEX Int'l Grp.*, 126 Nev. \_\_\_, \_\_\_, 240 P.3d 1033, 1040 (2010) (affirming a district court decision that reached the right result, albeit for an arguably wrong reason).

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Second Judicial District Court Dept. 9
       Steven Floyd Voss
       Washoe County District Attorney/Civil Division
       Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A