# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE VISITATION OF THE PERSONS OF: J.C.B.; K.R.B.; L.B.B.; AND L.A.B., MINORS.

PAULA B.,
Appellant,
vs.
JUSTIN C. B.,
Respondent.

No. 76831

FILED

SEP 16 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final order dismissing a petition for grandparent visitation and a postjudgment order awarding attorney fees and costs. Eighth Judicial District Court, Family Court Division, Clark County; Linda Marquis, Judge.

Justin C. B. is the father of J.C.B., K.R.B., L.B.B., and L.A.B. Gretchen W. B. is the mother of J.C.B. and K.R.B. Stephanie B. is the mother of L.B.B. and L.A.B.

As pertinent here,[1] Gretchen was a member of the Hualapai Indian Tribe in Arizona. She filed for divorce from Justin in the Hualapai Tribal Court and received temporary custody of J.C.B. and K.R.B., who are also members of the Tribe. The Tribal Court granted the divorce in June 2017. After Gretchen passed away unexpectedly in December 2017, the Tribal Court restored legal and physical custody of J.C.B. and K.R.B. to Justin.

J.C.B. and K.R.B. moved to Clark County to live with Justin, Stephanie, L.B.B., and L.A.B. on December 29, 2017. On May 17, 2018,

---

[1]We do not recount the facts except as necessary to our disposition.

Justin's mother, Paula B., filed a petition in Eighth Judicial District Court for grandparent visitation of all four of Justin's children pursuant to NRS 125C.050. After sending Paula a letter apprising her of jurisdictional concerns with her petition, Justin filed an opposition and countermotion to dismiss the petition and to award Justin attorney fees and costs. The district court found that Paula did not allege facts that would allow her to seek visitation as to L.B.B. or L.A.B., and that the Hualapai Tribe, not the Nevada court, had jurisdiction over J.C.B. and K.R.B., and accordingly granted Justin's motion. The district court also awarded Justin attorney fees and costs under NRS 18.010 and EDCR 7.60, as the court found Justin was the prevailing party and the petition was frivolous. This appeal followed.

Paula first advances various arguments as to why the district court had jurisdiction here, including that NRS 125C.050 expressly provides jurisdiction, that the Indian Child Welfare Act (ICWA) and the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) do not apply to these facts, and that if the UCCJEA does apply then NRS 125A.305 provides Nevada with jurisdiction. We disagree, and conclude the district court properly dismissed the petition.[2]

---

[2]We agree with Paula that the ICWA does not apply to this situation, as it is not the type of child custody proceedings governed by the ICWA. *See* 25 U.S.C. § 1911(1) (2012) (vesting tribes with exclusive jurisdiction over Indian child custody proceedings in specific situations); 25 U.S.C. § 1903(1) (2012) (listing the child custody proceedings that fall under the ICWA). To the extent the district court erroneously relied on the ICWA, we will nevertheless uphold the result so long as it is ultimately correct. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").

We review questions of standing and subject matter jurisdiction de novo. *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011); *Friedman v. Eighth Judicial Dist. Court*, 127 Nev. 842, 847, 264 P.3d 1161, 1165 (2011). We also review de novo questions of statutory interpretation. *Valdez v. Aguilar*, 132 Nev. 388, 390, 373 P.3d 84, 85 (2016). When interpreting a statute, we strive to give effect to a statute's plain meaning where the language is unambiguous. *Id.* Whenever possible, we interpret statutes within a common statutory scheme in harmony to avoid unreasonable results and to further the general purpose of the statutes. *S. Nev. Homebuilders Ass'n v. Clark Cty.*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005).

As an initial matter, we conclude Paula does not have standing to petition for visitation under NRS 125C.050 as to either L.B.B. or L.A.B., as she has not pleaded facts that meet the statutory prerequisites to obtain a right of visitation. *See Stockmeier v. State, Dep't of Corr.*, 122 Nev. 385, 393, 135 P.3d 220, 225-26 (2006) (explaining that a party has standing where a statute confers a right upon that party), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008). Specifically, Paula has not shown that she has standing under NRS 125C.050(1), as Stephanie and Justin are both living, married and not separated, and maintain their parental rights.[3] Nor does Paula have

---

[3]We reject Paula's argument that NRS 125C.050(1) includes a catch-all provision that would give Paula the right to seek visitation as to L.B.B. and L.A.B. even though Paula has not pleaded facts that satisfy the NRS 125C.050(1)(a)-(d) requirements. The language on which Paula relies—that the district court may grant "to other children of either parent of the child a reasonable right to visit the child"—instead regards sibling visitation rights. *See, e.g., State, Div. of Child & Family Servs. v. Eighth Judicial*

standing under NRS 125C.050(2), as she does not assert that either child ever resided with her. We therefore only consider whether the district court had jurisdiction over J.C.B. and K.R.B. so as to consider Paula's petition for visitation with them.[4]

Paula argues that NRS 125C.050 provides the district court with jurisdiction over grandparent visitation actions. The provisions of NRS Chapter 125C address child custody and visitation determinations. NRS 125C.050 provides that "the district court in the county in which the child resides may grant" a grandparent's petition for visitation. NRS 125C.050(1). But NRS 125C.050 addresses the appropriate court *within* the state to consider a relative visitation petition. This provision establishes venue, not jurisdiction. *See, e.g.*, Restatement (Second) of Judgments § 4 cmt. h (Am. Law Inst. 1982) (distinguishing between jurisdiction, which governs "whether a state may adjudicate a matter at all," and venue, which determines "which court within the state is the proper forum"). Thus, NRS 125C.050 does not grant the district court jurisdiction to consider Paula's petition.

Having concluded NRS 125C.050 addresses venue, not jurisdiction, we consider whether the district court had jurisdiction to consider Paula's petition under the UCCJEA, codified as NRS Chapter 125A. *See Friedman*, 127 Nev. at 847, 264 P.3d at 1165 (explaining the UCCJEA was codified as Chapter 125A); *see also* NRS 125A.005. Paula

---

*Dist. Court*, 119 Nev. 655, 657-58, 81 P.3d 512, 513-14 (2003) (addressing sibling visitation under NRS 125C.050(7), which uses the same language as used in subsection 1).

[4]The parties do not contest that Paula has standing under NRS 125C.050 to petition for visitation of J.C.B. and K.R.B.

contends that the UCCJEA does not apply where, as here, one of the parents is deceased and there cannot be an interstate jurisdiction argument between parents, and therefore the district court erred in finding that it lacked jurisdiction under the UCCJEA to consider her petition.

The UCCJEA sets out jurisdiction and enforcement over custody and visitation determinations. Pertinent here, NRS 125A.305(1) provides "the exclusive jurisdictional basis for making a child custody determination by a court of this State." NRS 125A.305(2). Child custody proceedings and determinations encompass visitation.[5] *See* NRS 125A.045; NRS 125A.055; *see also Friedman*, 127 Nev. at 849, 264 P.3d at 1166 (quoting NRS 125A.055 to note that a child custody proceeding encompasses proceedings for legal custody, physical custody, and visitation). We have previously explained that the UCCJEA was promulgated to deal with jurisdictional problems where multiple states may otherwise be involved in child custody proceedings, and to help courts determine which state has either initial or exclusive and continuing jurisdiction over child custody matters. *Friedman*, 127 Nev. at 846-47, 264 P.3d at 1165. We treat tribes as states for purposes of the UCCJEA. NRS 125A.215(2). Here, even though Gretchen has passed away and Paula chose to file her petition in Nevada, jurisdiction remains at issue because the Hualapai Tribal Court previously exercised jurisdiction over J.C.B. and K.R.B. in a child custody matter.

---

[5]Nothing in these statutes or our law supports Paula's contention that grandparent visitation is somehow legally distinct from parent or guardian visitation. *See, e.g., Rennels v. Rennels*, 127 Nev. 564, 572, 257 P.3d 396, 401 (2011) (explaining that when a nonparent obtains court-approved visitation, the nonparent "is in the same position as a parent" in terms of modifying or terminating visitation).

 

The parties do not dispute that the Tribal Court initially determined custody of J.C.B. and K.R.B. or that the Tribal Court had jurisdiction to do so. The Tribal Court's determination established that court's continuing, exclusive jurisdiction under the UCCJEA. *Cf. Friedman*, 127 Nev. at 847-48, 264 P.3d at 1165 (explaining that under the UCCJEA a court ordinarily has exclusive, continuing jurisdiction to determine custody and visitation where that court had jurisdiction "to make the initial child custody determination when it entered the divorce decree"). To award grandparent visitation would be to modify the prior custody order. *See* NRS 125A.115 (defining "modification" as any "child custody determination that changes, replaces, supersedes, or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination"); *see also* NRS 125A.045 (defining child custody determination to include a visitation order); NRS 125A.055 (defining child custody proceeding to include proceedings where visitation is at issue). Here, therefore, the UCCJEA applies and NRS 125A.325, the statute governing jurisdiction to modify child custody orders, controls.

NRS 125A.325 generally prohibits Nevada courts from modifying a child custody order made by a court in another jurisdiction. That statute makes an exception where (1) the Nevada court would have jurisdiction under NRS 125A.305(1)(a) or (b), and (2) the other jurisdiction determines that it no longer has exclusive, continuing jurisdiction or that a Nevada court would be the more convenient forum, or a Nevada court determines that the child and the child's parents "and any person acting as a parent" no longer reside in the other jurisdiction. NRS 125A.325(1)-(2).

The record before us does not show that the Tribal Court determined it no longer had jurisdiction or that Nevada courts are the more convenient forum. Nor does the record show that the district court made findings that the children and their parents or any person acting as a parent no longer resided within the tribe's jurisdiction. Accordingly, the basic requirements of NRS 125A.325 are not met here. Moreover, the district court did not have jurisdiction under either NRS 125A.305(1)(a) or (b), as is required to modify a custody order under NRS 125A.325. Specifically, jurisdiction did not exist under NRS 125A.305(1)(a) because the children had not been in Nevada for six months at the time Paula filed her petition and therefore Nevada was not their home state at the time the proceeding was commenced. *See* NRS 125A.305(1)(a); *see also* NRS 125A.085. And jurisdiction did not exist under NRS 125A.305(1)(b) because the Tribal Court had continuing jurisdiction over the divorce and child custody case and had not declined to exercise jurisdiction in this matter.[6] Accordingly, the district court correctly concluded that it lacked jurisdiction to consider Paula's petition.

Paula further contends the district court erroneously awarded attorney fees and costs to Justin. Specifically, Paula contends the award was improper because the district court erred by dismissing the petition and because the issues were complex. She asserts the district court violated her due process rights by awarding fees under EDCR 7.60 without notice or a hearing, and that the court could not award fees to Justin as the prevailing party under NRS 18.010 because there was no money judgment.

---

[6]Because we conclude Nevada did not have jurisdiction under NRS 125C.050 or the UCCJEA, we do not address Justin's argument regarding tribal sovereignty or Paula's additional arguments.

We review the district court's decision to award attorney fees for a manifest abuse of discretion. *Kahn v. Morse & Mowbray*, 121 Nev. 464, 479, 117 P.3d 227, 238 (2005). We conclude Paula's arguments are belied by the record, the law, and our decision. As addressed above, the district court properly dismissed the petition, and NRS 125C.050 does not provide jurisdiction here. We further note Justin apprised Paula of the jurisdictional problems with her petition shortly after she filed it. Justin also raised EDCR 7.60 in his motion for attorney fees, and Paula therefore had notice of that rule and the opportunity to address it in her opposition. And, unlike NRS 18.010(2)(a), the plain language of NRS 18.010(2)(b) does not require a money judgment and instructs courts to liberally construe the provision in favor of awarding attorney fees in order to deter frivolous or vexatious claims. *See also Key Bank of Alaska v. Donnels*, 106 Nev. 49, 53, 787 P.2d 382, 385 (1990) (distinguishing between NRS 18.010(2)(a) and (2)(b)). Under these particular facts, we cannot conclude the district court manifestly abused its discretion by awarding attorney fees and costs. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver



cc:    Hon. Linda Marquis, District Judge, Family Court Division
Robert E. Gaston, Settlement Judge
Law Offices of F. Peter James, Esq.
Hofland & Tomsheck
Eighth District Court Clerk