EMPLOYERS INSURANCE COMPANY OF NEVADA, A MUTUAL COMPANY, FKA EMPLOYERS INSURANCE COMPANY OF NEVADA, AN AGENCY OF THE STATE OF NEVADA, APPELLANT, v. HARRY CHANDLER, RESPONDENT.

No. 35079

May 24, 2001                                            23 P.3d 255

---

[Rehearing denied July 10, 2001]

[En banc reconsideration denied Augut 13, 2001]

*Shirley D. Lindsey,* Associate General Counsel, Employers Insurance Company of Nevada, Las Vegas, for Appellant.

*Nancyann Leeder,* Nevada Attorney for Injured Workers, and *Gary T. Watson,* Deputy Nevada Attorney for Injured Workers, Carson City, for Respondent.

Before YOUNG, LEAVITT and BECKER, JJ.

## OPINION

*Per Curiam:*

Respondent Harry Chandler sustained injuries in a motor vehicle accident that occurred during the course of his employment. Appellant Employers Insurance Company of Nevada (EICON) paid Chandler workers' compensation benefits and eventually closed his claim. After receiving a third-party settlement and reimbursing EICON for benefits paid, Chandler later requested EICON to reopen his workers' compensation claim. EICON denied Chandler's request on the basis that he was required to exhaust the third-party settlement proceeds before it could reopen his claim. EICON's denial was upheld by a hearing officer, but reversed by an appeals officer. The district court subsequently denied EICON's petition for judicial review. On appeal, EICON contends that Chandler is not entitled to receive further workers' compensation benefits, including medical benefits, without first exhausting the entire amount of his third-party settlement proceeds because the term ''compensation'' in NRS 616C.215 includes payment of medical expenses. We agree and reverse the order of the district court denying the petition for judicial review.

### FACTS

Chandler, an employee of Greyhound Lines, Inc., was injured in the course of his employment when the bus he was driving was involved in a motor vehicle accident. The accident was caused by a third-party driver whose vehicle collided head-on with the bus in Kingman, Arizona. Chandler sustained injuries to his left knee and right toe. He also suffered post-traumatic stress disorder as a result of the collision, which killed the third-party driver and his passenger. EICON paid Chandler workers' compensation benefits amounting to $3,267.46 before closing his claim.

Chandler also pursued a claim against the third-party driver's insurer. That case was settled for $7,267.46, and Chandler received $4,000.00 in damages after reimbursing EICON the $3,267.46 in benefits out of the settlement proceeds.

Thereafter, Chandler requested EICON to reopen his claim for further psychological therapy because he continued to experience symptoms of post-traumatic stress disorder following the accident. EICON advised Chandler that he would have to exhaust the third-party settlement proceeds before it would reopen his workers' compensation claim. Chandler challenged EICON's decision, and the hearing officer affirmed. Chandler appealed. The appeals officer concluded that Chandler was entitled to receive medical benefits without first exhausting the entire amount of the third-party settlement proceeds because the term ''compensation'' in NRS 616C.215 includes wage replacement benefits but does not include medical benefits. The district court subsequently denied EICON's petition for judicial review after concluding that substantial evidence supported the appeals officer's decision.

## DISCUSSION

The question before this court is one of statutory construction, namely, whether the appeals officer properly interpreted the workers' compensation statutes applicable to this case. Questions of law are reviewed de novo.[1] ''[A] reviewing court may undertake independent review of the administrative construction of a statute.''[2]

NRS 616C.215 grants subrogation rights to workers' compensation insurers and allows them to place liens upon the proceeds recovered by employees from third-party tortfeasors.[3] In particular, subsection 2 provides in relevant part:

> 2. When an employee receives an injury for which compensation is payable pursuant to the provisions of chapters 616A to 616D, inclusive, or chapter 617 of NRS and which was caused under circumstances creating a legal liability in some person, other than the employer or a person in the same employ, to pay damages in respect thereof:
>
> (a) The injured employee, or in case of death his dependents, may take proceedings against that person to recover damages, but the amount of the compensation the injured employee or his dependents are entitled to receive pursuant to the provisions of chapters 616A to 616D, inclusive, or chapter 617 of NRS, including any future compensation, must be reduced by the amount of the damages recovered,

---

[1]*SIIS v. United Exposition Services Co.*, 109 Nev. 28, 30, 846 P.2d 294, 295 (1993).

[2]*American Int'l Vacations v. MacBride*, 99 Nev. 324, 326, 661 P.2d 1301, 1302 (1983).

[3]*See* NRS 616C.215.

notwithstanding any act or omission of the employer or a person in the same employ which was a direct or proximate cause of the employee's injury.[4]

EICON contends that the plain language of NRS 616C.215(2)(a) entitles it to deny Chandler further medical benefits for his work-related injury until he has exhausted his third-party settlement proceeds because, for purposes of NRS 616C.215(2)(a), NRS ·616A.090 defines "compensation" to include accident benefits which, according to the express language of NRS 616A.035, includes medical benefits.[5] Chandler contends, however, that the term "compensation" in NRS 616C.215(2)(a) does not include medical benefits because the phrase "money which is payable to an employee or to his dependents" in NRS 616A.090 limits the statutory definition of "compensation" to wage replacement benefits.

When more than one interpretation of a statute can reasonably be drawn from its language, it is ambiguous and the plain meaning rule has no application.[6] However, when the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it.[7] "Under long established principles of statutory construction, when a statute is susceptible to but one natural or honest construction, that alone is the construction that can be given."[8] Additionally, courts must

---

[4]NRS 616C.215(2)(a).

[5]NRS 616A.090 provides:

"Compensation" means the money which is payable to an employee or to his dependents as provided for in chapters 616A to 616D, inclusive, of NRS, and includes benefits for funerals, accident benefits and money for rehabilitative services.

NRS 616A.035 provides in relevant part:

1. "Accident benefits" means medical, surgical, hospital or other treatments, nursing, medicine, medical and surgical supplies, crutches and apparatuses, including prosthetic devices.
2. The term includes:
(a) Medical benefits as defined by NRS 617.130.

NRS 617.130 provides in relevant part:

1. "Medical benefits" means medical, surgical, hospital or other treatments, nursing, medicine, medical and surgical supplies, crutches and apparatus, including prosthetic devices.

[6]*Hotel Employees v. State, Gaming Control Bd.,* 103 Nev. 588, 591, 747 P.2d 878, 880 (1987).

[7]*See City Council of Reno v. Reno Newspapers,* 105 Nev. 886, 891, 784 P.2d 974, 977 (1989).

[8]*Randono v. CUNA Mutual Ins. Group,* 106 Nev. 371, 374, 793 P.2d 1324, 1326 (1990) (citations omitted).

construe statutes to give meaning to all of their parts and language, and this court will read each sentence, phrase, and word to render it meaningful within the context of the purpose of the legislation.[9]

We do not read the phrase "payable to an employee or to his dependents" in NRS 616A.090 as Chandler reads it. To the contrary, the word "payable" simply means "due" and does not limit the definition of compensation in NRS 616C.215 to money disbursed directly to an employee or to his dependents.[10] In fact, when read within the context of NRS 616A.035, NRS 616A.090, and NRS 617.130, the term "compensation" in NRS 616C.215 clearly and unambiguously includes medical benefits. Further, the contemplated purpose of NRS 616C.215 is to make the insurer whole and to prevent an employee from receiving an impermissible double recovery.[11] Defining the term "compensation" in NRS 616C.215 to include medical benefits prevents an employee from receiving a double recovery. Thus, the plain meaning of NRS 616C.215(2)(a) is consistent with the purpose of the statute.

## CONCLUSION

We conclude that an insurer is entitled to withhold payment of medical benefits for a work-related injury until an employee has exhausted any third-party settlement proceeds because the plain meaning of the term "compensation" in NRS 616C.215 includes medical benefits. Accordingly, we reverse the district court's order denying the petition for judicial review and remand this matter to the district court. On remand, the district court shall grant the petition and reverse the appeals officer's decision that Chandler is not required to exhaust his settlement proceeds before receiving medical benefits.

[9]*Bd. of County Comm'rs v. CMC of Nevada,* 99 Nev. 739, 744, 670 P.2d 102, 105 (1983).

[10]*See Random House Webster's College Dictionary* 957 (2d ed. 1997).

[11]*See* NRS 616C.215; *see also Breen v. Caesars Palace,* 102 Nev. 79, 82, 715 P.2d 1070, 1072 (1986).