**131 Nev., Advance Opinion 20**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANCH BANKING AND TRUST
COMPANY, A NORTH CAROLINA
BANKING CORPORATION,
Appellant,
vs.
WINDHAVEN & TOLLWAY, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; STANLEY H.
WASSERKRUG, AN INDIVIDUAL;
SUSAN S. WASSERKRUG, AN
INDIVIDUAL; STANLEY HOWARD
WASSERKRUG AND SUSAN
SCHWARTZ WASSERKRUG, AS
TRUSTEES OF THE WASSERKRUG
FAMILY TRUST DATED NOVEMBER
13, 2003; KEITH K. LYON, AN
INDIVIDUAL; KEITH K. LYON, AS
TRUSTEE OF THE KEITH K. LYON
LIVING TRUST, DATED OCTOBER 29,
2003; STACY M. RUSH, AN
INDIVIDUAL; ADRIENNE J. RUSH, AN
INDIVIDUAL; STACY M. RUSH AND
ADRIENNE J. RUSH, AS TRUSTEES
OF THE STACY AND ADRIENNE
RUSH FAMILY TRUST DATED
MARCH 22, 1993; THOMAS B.
ACEVEDO, AN INDIVIDUAL; AND
GREENSTREET PROPERTIES, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondents.

No. 59638

FILED

APR 3 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

BRANCH BANKING AND TRUST
COMPANY,
Appellant,
vs.
WINDHAVEN & TOLLWAY, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; STANLEY H.

No. 60527

7/21/15: Corrected per letter to publishers. CT

15-13097

SUPREME COURT
OF
NEVADA

(O) 1947A

WASSERKRUG, AN INDIVIDUAL;
SUSAN S. WASSERKRUG, AN
INDIVIDUAL; STANLEY HOWARD
WASSERKRUG AND SUSAN
SCHWARTZ WASSERKRUG, AS
TRUSTEES OF THE WASSERKRUG
FAMILY TRUST DATED NOVEMBER
13, 2003; KEITH K. LYON, AN
INDIVIDUAL; KEITH K. LYON, AS
TRUSTEE OF THE KEITH K. LYON
LIVING TRUST, DATED OCTOBER 29,
2003, A TRUST; STACY M. RUSH, AN
INDIVIDUAL; ADRIENNE J. RUSH, AN
INDIVIDUAL; STACY M. RUSH AND
ADRIENNE J. RUSH, AS TRUSTEES
OF THE STACY AND ADRIENNE
RUSH FAMILY TRUST DATED
MARCH 22, 1993; THOMAS B.
ACEVEDO, AN INDIVIDUAL; AND
GREENSTREET PROPERTIES, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondents.

Consolidated appeals from a district court summary judgment in a deficiency action and from a post-judgment district court order awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

*Reversed and remanded.*

Holland & Hart, LLP, and Frank Z. LaForge and Jeremy J. Nork, Reno, for Appellant.

Bogatz Law Group and I. Scott Bogatz, Charles M. Vlasic, III, and YanXiong Li, Las Vegas,
for Respondents Windhaven & Tollway, LLC; Stanley H. Wasserkrug; Susan S. Wasserkrug; Keith K. Lyon; Stacy M. Rush; Adrienne J. Rush; and Greenstreet Properties, LLC.

Law Offices of John M. Netzorg and John M. Netzorg, Las Vegas,
for Respondent Thomas B. Acevedo.

O'Mara Law Firm, P.C., and David C. O'Mara, Reno, for Amicus Curiae
Nevada Bankers Association.

---

BEFORE THE COURT EN BANC.

## *OPINION*

By the Court, HARDESTY, C.J.:

NRS 40.455(1) permits a creditor or deed-of-trust beneficiary
who is unable to fully recover its investment through foreclosure to bring
an action for a deficiency judgment after "the foreclosure sale or the
trustee's sale held pursuant to NRS 107.080, respectively." In this appeal,
we determine whether NRS 40.455(1) precludes a deficiency judgment
when the beneficiary nonjudicially forecloses upon property located in
another state and the foreclosure is conducted pursuant to that state's
laws instead of NRS 107.080. We hold it does not, and we therefore
reverse the district court's order and remand for further proceedings
consistent with this opinion.

## *FACTS*

In 2007, respondent Windhaven & Tollway, LLC, borrowed
nearly $17 million from appellant Branch Banking and Trust Company's
predecessor-in-interest.[1]  The loan was secured by various assets,

---

[1]The predecessor-in-interest, Colonial Bank, is not a party to these
appeals.

including real property located in Texas. The parties agreed that Nevada law would govern the note and that the courts in Clark County, Nevada, and Collin County, Texas, would have jurisdiction over future disputes. The remaining respondents to this action (collectively referred to as the Guarantors) entered into a guaranty agreement to pay any debt remaining if Windhaven defaulted.

Windhaven defaulted on the loan, and Branch Banking sent it and the Guarantors a demand letter requesting repayment. Four months later, Branch Banking mailed Windhaven and the Guarantors a notice of trustee's sale, stating that it would foreclose on the Texas property if payment was not received. Windhaven and the Guarantors failed to remit payment and the property was sold at a nonjudicial foreclosure sale under Texas law for $14,080,000. At that time, the total indebtedness remaining on the loan was $16,675,218.61. Branch Banking then sought a deficiency judgment against Windhaven and the Guarantors under Nevada law, asserting claims for breach of guaranty and breach of the implied covenant of good faith and fair dealing.

Following discovery, Branch Banking moved for summary judgment, but before the district court could rule on the motion, Windhaven and the Guarantors also moved for summary judgment, on the ground that Branch Banking's deficiency action was precluded by NRS 40.455(1) because that statute requires all nonjudicial trustee's sales to be conducted pursuant to NRS 107.080.[2] The district court granted summary judgment in favor of Windhaven and the Guarantors, finding that Branch

---

[2]The parties do not dispute that the Texas foreclosure did not comply with NRS 107.080.

SUPREME COURT
OF
NEVADA

(O) 1947A

Banking's nonjudicial foreclosure in Texas did not comply with the terms of NRS 107.080 because Branch Banking did not record a notice of breach and election to sell or provide notice in accordance with NRS 107.080. The district court also concluded that Branch Banking could have sought a deficiency judgment in Texas or conducted the Texas trustee's sale in a manner that complied with NRS 107.080.[3] Further, the district court ruled that because NRS 40.455(1) prohibited Branch Banking from seeking a deficiency award against Windhaven, Branch Banking could not seek a deficiency judgment against the Guarantors. Branch Banking appeals.

## DISCUSSION

The primary issue before this court is whether the district court erred by granting summary judgment in favor of Windhaven and the Guarantors on the basis that NRS 40.455(1) prohibits deficiency judgments following a nonjudicial foreclosure not conducted in accordance with NRS 107.080.

NRS 40.455(1) provides, in pertinent part, that

> upon application of the judgment creditor or the beneficiary of the deed of trust within 6 months after the date of the foreclosure sale or the trustee's sale held pursuant to NRS 107.080, respectively, and after the required hearing, the court shall award a deficiency judgment to the judgment creditor or the beneficiary of the deed of trust if it appears from the sheriff's return or the recital of consideration in the trustee's deed that

---

[3]The district court also denied Branch Banking's motion for summary judgment.

> there is a deficiency of the proceeds of the sale and
> a balance remaining due to the judgment creditor
> or the beneficiary of the deed of trust, respectively.

Each party argues that the language of the statute clearly supports its interpretation and that the contrary interpretation would lead to absurd results. Primarily, they argue over the interpretation of the phrase "held pursuant to NRS 107.080."

Statutory interpretation "is a question of law, which this court reviews de novo." *Kay v. Nunez*, 122 Nev. 1100, 1104, 146 P.3d 801, 804 (2006). In interpreting a statute, this court looks to the plain language of the statute and, if that language is clear, this court does not go beyond it. *Great Basin Water Network v. State Eng'r*, 126 Nev. 187, 196, 234 P.3d 912, 918 (2010). Each section of a statute should be construed to be in harmony with the statute as a whole. *Smith v. Kisorin USA, Inc.*, 127 Nev. Adv. Op. No. 37, 254 P.3d 636, 639 (2011); 2A Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 46:5 (7th ed. 2014). We presume that a statute does not modify common law unless such intent is explicitly stated. *See* 3 Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 61:1 (7th ed. 2008). Statutes that operate in derogation of the common law should be strictly construed, and, if there is any doubt as to the statute's meaning, the court should interpret the statute in the way that least changes the common law. *Id.* Additionally, this court reviews a district court order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

*NRS 40.455(1) does not require an out-of-state trustee's sale to comply with NRS 107.080, nor does it preclude a deficiency judgment in Nevada when a nonjudicial foreclosure sale is conducted pursuant to the laws of another state*

The parties dispute whether NRS 40.455(1)'s phrase "trustee's sale held pursuant to NRS 107.080" permits a deficiency judgment in Nevada when a nonjudicial foreclosure takes place in another state and the beneficiary of the deed of trust does not comply with the requirements of NRS 107.080. Windhaven argues that the clause requires that a trustee's sale comply with Nevada law before the beneficiary of the deed of trust may seek a deficiency judgment. Branch Banking argues that the clause is merely illustrative, that the statutory scheme does not support Windhaven's interpretation, and that to interpret the statute to require out-of-state nonjudicial foreclosures to comply with NRS 107.080 would lead to absurd results.[4]

Thus, we turn to whether NRS 40.455(1) precludes deficiency judgments in Nevada when a nonjudicial foreclosure sale is conducted pursuant to the laws of another state. In *U.S. Bank National Ass'n v. Palmilla Development Co.*, we recognized NRS 40.455(1) as applicable when one is seeking a deficiency judgment. 131 Nev. Adv. Op. No. 9, 343 P.3d 603, 604 (2015). However, while we addressed whether "foreclosure sale" encompasses a receiver sale of real property securing a loan, we did not address the extent of the definition of "foreclosure sale" as it applies here.

---

[4]The parties also disagree about the effect of the lack of offsetting commas in the phrase "trustee's sale held pursuant to NRS 107.080." However, as this effect is not essential to our determination, we do not address it here.

NRS 40.455 governs applications for deficiency judgments by "the judgment creditor or the beneficiary of the deed of trust," made within six months "after the date of the foreclosure sale or the trustee's sale held pursuant to NRS 107.080, respectively." Windhaven argues that "foreclosure sale" refers only to a judicial foreclosure. With respect to the use of that term in NRS 107.080, we agree. The word "respectively" is used to pair words or phrases in the correct order. *Merriam-Webster's Collegiate Dictionary* 1061 (11th ed. 2007) (defining respectively as "[i]n the order given"); *Merriam-Webster's Dictionary of English Usage* 816 (1994) (noting that respectively is commonly used to join "two words in matching sets of things in the correct order"); *Black's Law Dictionary* 1311 (6th ed. 1990) (defining respective as "[r]elating to particular persons or things, each to each"). The use of "respectively" in the first part of NRS 40.455(1) pairs "foreclosure sale" with "judgment creditor" and "trustee's sale held pursuant to NRS 107.080" with "beneficiary of the deed of trust."[5] Because "foreclosure sale" is specifically tied to "judgment creditor," the foreclosure sale described here is a judicial foreclosure.[6]

---

[5]A second such pairing occurs at the end of NRS 40.455(1) when "respectively" is used to tie together "judgment creditor" with "sheriff's return," and "the beneficiary of the deed of trust" with "the recital of consideration in the trustee's deed."

[6]Moreover, were we to hold that "foreclosure sale" could reference all judicial and nonjudicial foreclosures, we would negate the purpose of the phrase "trustee's sale held pursuant to NRS 107.080," a result that would run contrary to well-established rules of statutory construction. *See In re Parental Rights as to S.M.M.D.*, 128 Nev. Adv. Op. No. 2, 272 P.3d 126, 132 (2012) (stating that statutes should not be interpreted to "render[ ] language meaningless or superfluous" (internal quotations omitted)).

However, we disagree that the statute limits deficiency judgments to judicial foreclosures and trustee's sales held in accordance with NRS 107.080. NRS 40.455(1) has no such limiting language. While it clearly governs deficiencies arising from judicial foreclosures and those trustee's sales that are held pursuant to NRS 107.080, it does not indicate that it precludes deficiency judgments arising from nonjudicial foreclosure sales held in another state. In fact, the statutory scheme contemplates that a party may nonjudicially foreclose in another state and still bring an action in Nevada to recover the deficiency. Specifically, NRS 40.430, Nevada's one-action rule, creates an exception for proceedings "[t]o enforce a mortgage or other lien upon any real or personal collateral located outside of the State [of Nevada] which does not, except as required under the laws of that jurisdiction, result in a personal judgment against the debtor." NRS 40.430(6)(c).

Moreover, NRS 40.455(1) is an antideficiency statute that "derogate[s] from the common law," and this court construes such provisions narrowly, in favor of deficiency judgments. *Key Bank of Alaska v. Donnels*, 106 Nev. 49, 53, 787 P.2d 382, 385 (1990). Common law allows a lienholder to seek a deficiency judgment against the person(s) liable on the lien, *see, e.g.*, Restatement (Third) of Prop.: Mortgs. § 8.4 (1997), and we decline to interpret NRS 40.455 in such a way that would interfere with this common-law right, when the statute does not expressly limit deficiency suits arising from nonjudicial foreclosures conducted pursuant to the laws of another state. Furthermore, since the purpose of NRS

40.455 is to create fairness for both creditors and debtors,[7] *see First Interstate Bank of Nev. v. Shields*, 102 Nev. 616, 618, 730 P.2d 429, 431 (1986) ("Nevada's deficiency legislation is designed to achieve fairness to all parties to a transaction secured in whole or in part by realty."), interpreting NRS 40.455(1) to deny deficiency judgments to creditors who nonjudicially foreclose on out-of-state property pursuant to another state's law would undermine the purpose of the statute. Because NRS 40.455 does not prohibit deficiency judgment actions from being brought in Nevada when the nonjudicial foreclosure in another state did not comply with NRS 107.080, we conclude that the district court erred in precluding Branch Banking from pursuing a deficiency judgment against Windhaven and the Guarantors.[8]

---

[7]Although the legislative history is silent concerning out-of-state nonjudicial foreclosures, it reveals that the Legislature was concerned about protecting unsuspecting debtors from creditors who sought large deficiency judgments years after the foreclosure sale occurred. Hearing on A.B. 493 Before the Assembly Judiciary Comm., 55th Leg. (Nev., March 13, 1969). Moreover, the Legislature enacted NRS Chapter 40's debtor protections so that debtors would not have to undergo the timely and expensive judicial foreclosure process. *Id.*

[8]The question of whether a court should, in such situations, apply Nevada law or the law of the state where the foreclosure was held is a conflict-of-laws question that will depend upon the particular facts of the case. *See* Restatement (Second) of Conflict of Laws § 229 (1971); Robert A. Brazener, Annotation, *Conflict of Laws as to Application of Statute Proscribing or Limiting Availability of Action for Deficiency After Sale of Collateral Real Estate*, 44 A.L.R. 3d 922 (1972). Here, however, the parties' agreement allows them to litigate future disputes under either Texas or Nevada law, and because there is no argument or evidence that the parties acted in bad faith or to evade Texas law by filing suit in Nevada, Nevada law may govern the deficiency judgment. *See Key Bank of Alaska v. Donnels*, 106 Nev. 49, 52, 787 P.2d 382, 384 (1990) ("We have held that

*continued on next page...*

Accordingly, we reverse the district court's judgment in favor of Windhaven and the Guarantors and remand this matter for further proceedings consistent with this opinion.[9]

                                              _____, C.J.
                                            Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Pickering

---

...*continued*

'[i]t is well settled that the expressed intention of the parties as to the applicable law in the construction of a contract is controlling if the parties acted in good faith and not to evade the law of the real situs of the contract.'" (alteration in original) (quoting *Ferdie Sievers & Lake Tahoe Land Co. v. Diversified Mortg. Investors*, 95 Nev. 811, 815, 603 P.2d 270, 273 (1979)).

[9]Based on our decision to reverse the district court's summary judgment, we conclude that the district court's order awarding costs to Windhaven and the Guarantors is premature. Accordingly, we reverse the district court's award of costs and attorney fees.

GIBBONS, J., with whom CHERRY and SAITTA, JJ., join, dissenting:

In my view, the critical issue on appeal—what is meant by the phrase "trustee's sale held pursuant to NRS 107.080" in NRS 40.455(1)—is fairly straightforward.

To address this issue, two facts warrant rehashing. First, Branch Banking sued Windhaven for a deficiency judgment under NRS 40.451-40.463. Second, as pointed out by the district court, the parties agreed that "Branch Banking was a beneficiary of a deed of trust, and not a judgment creditor, as the property was sold at a trustee's sale and not through a judicial foreclosure sale." *See also* Branch Banking's Complaint ("Plaintiff is the successor in interest and holder of the Note, the beneficiary under the Deed of Trust . . . . [T]he Property was sold at a non-judicial foreclosure sale to Plaintiff . . . in partial satisfaction of the indebtedness secured by the Deed of Trust.").

Once competing motions for summary judgment were filed, the district court naturally looked for what requirements Branch Banking's deficiency judgment claim needed to satisfy under Nevada law. This inquiry led the district court to NRS 40.455.

NRS 40.455 "governs the award of deficiency judgments." *U.S. Bank Nat'l Ass'n v. Palmilla Dev. Co.*, 131 Nev. Adv. Op. No. 9, 343 P.3d 603, 604 (2015). Specifically, NRS 40.455(1) states:

> [U]pon application of the judgment creditor or the beneficiary of the deed of trust within 6 months after the date of the foreclosure sale *or the trustee's sale held pursuant to NRS 107.080*, respectively, and after the required hearing, the court shall award a deficiency judgment to the judgment creditor or the beneficiary of the deed of trust if it appears from the sheriff's return or the recital of consideration in the trustee's deed that

SUPREME COURT
OF
NEVADA

(O) 1947A

> there is a deficiency of the proceeds of the sale and
> a balance remaining due to the judgment creditor
> or the beneficiary of the deed of trust, respectively.

(Emphasis added.) As pointed out by the majority, NRS 40.455 splits into two categories: (1) foreclosure sale and (2) trustee's sale, as delineated by the statute's consistent use of "respectively."

Because the parties agreed that "Branch Banking was a beneficiary of a deed of trust, and not a judgment creditor, as the property was sold at a trustee's sale and not through a judicial foreclosure sale," the district court properly looked to NRS 40.455's trustee's sale requirements: namely, what is the effect of NRS 40.455's language, "trustee's sale held pursuant to NRS 107.080."

To solve this quandary, only the most basic rule of statutory interpretation is necessary: "[W]hen the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it." *Emp'rs Ins. Co. of Nev. v. Chandler*, 117 Nev. 421, 425, 23 P.3d 255, 258 (2001).

As found by the district court, I conclude that this language— "trustee's sale held pursuant to NRS 107.080"—means that before Branch Banking could obtain a deficiency judgment from a trustee's sale pursuant to Nevada law, it would have to satisfy the requirements of NRS 107.080. Branch Banking fell well short of fulfilling NRS 107.080's requirements. Thus, Branch Banking's deficiency claim under NRS 40.451-40.463 failed as a matter of law. Justice Elena Kagan recently stated in her dissent in *Yates v. United States* that:

> Resolution of the pros and cons of whether a
> statute should sweep broadly or narrowly is for
> Congress. If judges disagree with Congress's
> choice, we are perfectly entitled to say so—in
> lectures, in law review articles, and even in dicta.

> But we are not entitled to replace the statute Congress enacted with an alternative of our own design.

574 U.S. ___, ___, 135 S. Ct. 1074, 1101 (2015) (Kagan, J., dissenting) (internal quotation omitted). The majority undertook its own design of NRS 40.455. The district court interpreted the statute as written and, in my view, did so correctly. Therefore, I respectfully dissent.

_____, J.
Gibbons

We concur:

_____, J.
Cherry

_____, J.
Saitta