An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TRAVIS WILFORD BOWLES,
Appellant,
vs.
RUAN TRANSPORTATION; AND
CCMSI,
Respondents.

No. 63099

**FILED**

JUL 3 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Travis Bowles is seeking the reinstatement of his vocational rehabilitation benefits (VRBs) from the date of his expulsion to the date of his incarceration, and a stay of those benefits until his release from prison.

Contrary to Bowles' arguments on appeal, we conclude that the appeal officer did not err in a way warranting reversal. *See Nassiri v. Chiropractic Physicians' Bd.*, 130 Nev., Adv. Op. 27, 327 P.3d 487, 489 (2014) ("On appeal from orders deciding petitions for judicial review, this court reviews the administrative decision in the same manner as the district court."). First, we conclude that the appeal officer did not err in her interpretation of NRS 616C.590. *See City of N. Las Vegas v. Warburton*, 127 Nev., Adv. Op. 62, 262 P.3d 715, 718 (2011) (stating that we review questions of law originating from appeals of administrative decisions de novo). Based upon our plain language reading of NRS 616C.590, Bowles' refusal to follow New Horizon's rules meant he refused his VRBs. *See Employers Ins. Co. of Nev. v. Chandler*, 117 Nev. 421, 425,

15-23135

23 P.3d 255, 258 (2001) ("[W]hen the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it.").

Second, we conclude that although the appeal officer abused her discretion in admitting the two newspaper articles about Bowles' felony conviction into evidence, the abuse did not affect Bowles' substantial rights. *See M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (stating that we review evidentiary decisions for an abuse of discretion); *see also* NRCP 61. The articles did not affect Bowles' substantial rights because Bowles admitted to the appeal officer that he had been convicted of a felony.

Third, we conclude that the appeal officer did not abuse her discretion in affording Bowles' testimony no weight. *See M.C. Multi-Family Dev.*, 124 Nev. at 913, 193 P.3d at 544. Per NRS 50.095(1), Bowles' felony conviction could be one of the factors in the appeal officer's credibility determination. Determining how much weight to afford Bowles' testimony was the appeal officer's decision to make. *See DeChant v. State*, 116 Nev. 918, 924, 10 P.3d 108, 112 (2000) ("[I]t is exclusively within the province of the trier of fact to weigh evidence and pass on the credibility of witnesses and their testimony." (internal quotations omitted)); *see also Nev. Indus. Comm'n v. Reese*, 93 Nev. 115, 120-22, 560 P.2d 1352, 1354-56 (1977) (explaining that administrative agencies are imbued with the power to perform functions that are quasi-judicial in nature, such as the weighing of evidence).

Finally, we conclude that the appeal officer did not clearly err in finding that substantial evidence supported the proffered reason for Bowles' expulsion—copyright infringement. *See State Emp. Sec. Dept. v.*

*Hilton Hotels Corp.*, 102 Nev. 606, 608, n.1, 729 P.2d 497, 498 n.1 (1986) (explaining that we will not reverse an administrative agency's factual finding even if "it is against the great weight and clear preponderance of the evidence"), *superseded by statute on other ground as stated in Countrywide Home Loans v. Thitchener*, 124 Nev. 725, 192 P.3d 243 (2008). A reasonable mind could accept the supporting evidence, an email and two letters, as adequately supporting the appeal officer's conclusion.[1] *Nassiri*, 130 Nev., Adv. Op. 27, 327 P.3d at 489 (stating that substantial evidence "is evidence that a reasonable mind could accept as adequately supporting the agency's conclusions"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. James Todd Russell, District Judge
        Snell & Wilmer, LLP/Las Vegas
        Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
        Carson City Clerk

---

[1]We have considered the parties' remaining arguments and conclude that they are without merit.