# IN THE SUPREME COURT OF THE STATE OF NEVADA

DIANNA ENGLE,
Appellant,
vs.
WAL-MART,
Respondent.

No. 65623

FILED

FEB 2 6 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

In 2006, appellant Dianna Engle sustained a work-related injury while employed by respondent Wal-Mart. Engle obtained a third-party settlement. In 2012, after her workers' compensation claim had been closed, Engle requested that her claim be reopened, although she had not yet exhausted her third-party settlement proceeds. Relying on this court's decision in *Employers Insurance Co. of Nevada v. Chandler*, 117 Nev. 421, 23 P.3d 255 (2001), Wal-Mart's third-party insurer denied Engle's request to reopen her claim. The hearing officer, appeals officer, and district court all affirmed the denial of Engle's reopening request.

On appeal, Engle raises the following issue: Whether the district court properly affirmed the appeals officer's decision to deny Engle's request to reopen her workers' compensation claim, pursuant to *Chandler*.

*The district court erred by affirming the appeals officer's denial of Engle's request to reopen her workers' compensation claim*

This court's role in reviewing an administrative agency's decision is identical to that of the district court. *Elizondo v. Hood Mach.,*

16-06117

*Inc.*, 129 Nev., Adv. Op. 84, 312 P.3d 479, 482 (2013). This court considers questions of law and statutory interpretation de novo. *State, Dep't of Motor Vehicles & Pub. Safety v. Lovett,* 110 Nev. 473, 476, 874 P.2d 1247, 1249 (1994). Because the interpretation of *Chandler* and NRS 616C.390 are the central issues in the present case, de novo review is the appropriate standard of review.

### *Chandler does not address the present issue*

Although the facts in the present case are nearly identical to those in *Chandler,* the *Chandler* court did not address the issue found in the present case. The *Chandler* court was tasked with determining whether an insurer is entitled to withhold payment of medical benefits for a work-related injury until the claimant has exhausted any third-party settlement proceeds. 117 Nev. at 425, 23 P.3d at 257-58. However, the issue here is not whether Engle must exhaust her third-party settlement proceeds before obtaining further medical benefits. The issue is whether a claimant who has not yet exhausted her third-party settlement proceeds, and does not seek additional medical benefits but otherwise meets the requirements for the reopening of her claim under NRS 616C.390, is entitled to that claim being reopened. Accordingly, *Chandler* is inapposite.

### *The appeals officer failed to address NRS 616C.390*

NRS 616C.390(1), which deals with the reopening of claims more than one year after they were closed, states:

> If an application to reopen a claim to increase or rearrange compensation is made in writing more than 1 year after the date on which the claim was closed, the insurer shall reopen the claim if:

(a) A change of circumstances warrants an increase or rearrangement of compensation during the life of the claimant;

(b) The primary cause of the change of circumstances is the injury for which the claim was originally made; and

(c) The application is accompanied by the certificate of a physician or a chiropractor showing a change of circumstances which would warrant an increase or rearrangement of compensation.

Therefore, if Engle meets these requirements, NRS 616C.390(1) mandates that "the insurer *shall* reopen [her] claim." *Id.* (emphasis added).

In her order, the appeals officer did not address Wal-Mart's primary cause argument that Engle's lumbar spine injury did not occur while Engle was working at Wal-Mart and that Engle had therefore not met her burden under NRS 616C.390. Instead, the appeals officer relied solely on *Chandler* in denying Engle's request to reopen her claim. Therefore, the appeals officer committed legal error by relying on *Chandler* instead of determining whether Engle met the requirements for the reopening of her claim pursuant to NRS 616C.390.

*The hearing officer must determine whether Engle met her burden under NRS 616C.390.*

Upon remand to the district court, the district court shall remand and order the hearing officer to first determine the threshold question of whether a change of circumstances warrants an increase or rearrangement of compensation and subsequently determine whether the injury complained of by Engle is related to the original injury caused by the accident at Wal-Mart pursuant to NRS 616C.390. Only after addressing these questions can the hearing officer apply *Chandler*. The

matter of exhaustion of third-party settlement proceeds is thus not a consideration until these determinations have been made.

Therefore, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. Joanna Kishner, District Judge
Persi J. Mishel, Settlement Judge
Greenman Goldberg Raby & Martinez
Law Offices of David Benavidez
Eighth District Court Clerk