IN THE SUPREME COURT OF THE STATE OF NEVADA

THE ESTATE OF CHRISTOPHER
ROSALES, BY AND THROUGH
RAMIRO ALVARADO-ROSALES AS
SPECIAL ADMINISTRATOR; RAMIRO
ALVARADO-ROSALES,
INDIVIDUALLY; AND SADEE GRACE
ROSALES, A MINOR, BY AND
THROUGH BRYTTNY RAENE
HENSON, HER NATURAL PARENT
AND GUARDIAN,
Appellants,
vs.
K&N INVESTING GROUP, LLC, A
NEVADA LIMITED LIABILITY
COMPANY, D/B/A NUTRITION RUSH;
AND JABADA GROUP, LLC, A
NEVADA LIMITED LIABILITY
COMPANY, D/B/A NUTRITION RUSH,
Respondents.

No. 80006

FILED

SEP 1 8 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment in a tort action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Appellants contend that the district court erroneously determined that appellants failed to make a prima facie showing that some of their claims were viable. We are not persuaded that this amounts to reversible error, as appellants would not have been entitled to additional damages for those claims.[1] *See Breen v. Caesars Palace*, 102 Nev. 79, 82,

---

[1] To the extent that appellants could have been entitled to treble damages for their NRS Chapter 598 claim, *see* NRS 598.0999(3), we note

20-34501

715 P.2d 1070, 1072 (1986) (recognizing the rule that a plaintiff cannot "recover twice for the same injury"); *see also Employers Ins. Co. of Nev. v. Chandler*, 117 Nev. 421, 426, 23 P.3d 255, 258 (2001) (recognizing the same rule).

Appellants also contend that the district court abused its discretion by not awarding more economic-loss and pain-and-suffering damages than it did. *Cf. Asphalt Prods. Corp. v. All Star Ready Mix, Inc.*, 111 Nev. 799, 802, 898 P.2d 699, 701 (1995) ("A district court is given wide discretion in calculating an award of damages and an award will not be disturbed on appeal absent an abuse of discretion." (internal quotation marks omitted)). In particular, appellants contend that they introduced testimony showing that the decedent would have worked in the military to his retirement age and that the district court should have granted appellants more time to procure an expert witness. We are not persuaded that either of these contentions amounts to an abuse of discretion. With respect to how long the decedent would have worked, that testimony is irrelevant in light of the district court's determination that appellant Sadee Grace Rosales would have only been entitled to economic support until she turned 18.[2] And with respect to the district court not granting appellants

_____

that their operative complaint did not seek such damages. Nor do appellants argue on appeal that the district court erred in refusing to award punitive damages.

[2]Appellants briefly suggest that the district court's determination in this respect was erroneous, but they do not explain why or present any on-point authority. *Cf. Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that it is an appellant's responsibility to present cogent arguments supported by salient authority).

more time to procure an expert witness, the district court correctly noted that appellants were required to disclose an expert witness as part of their NRCP 16.1 responsibilities.[3]

Appellants finally contend that the district court abused its discretion by denying their request to file an amended complaint. *Cf. Allum v. Valley Bank of Nev.*, 109 Nev. 280, 287, 849 P.2d 297, 302 (1993) (reviewing for an abuse of discretion a district court's denial of leave to amend). In particular, they contend that the district court erred by not considering the tolling effect that respondents' bankruptcy case had on NRCP 41(e)'s 5-year rule. However, there is no indication in the record that any potential tolling was brought to the district court's attention.[4] Accordingly, we are not persuaded that the district court abused its discretion in denying leave to amend. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

---

[3]Appellants suggest that NRCP 16.1 should not apply because respondents defaulted. However, the district court correctly pointed out that there was another defendant who did not default, such that NRCP 16.1 was applicable. Moreover, we note that *appellants* asked the district court to conduct the prove-up hearing at the time it was conducted.

[4]To the contrary, appellants' counsel acknowledged at the prove-up hearing that they "were up against the five-year rule."

cc: Hon. Joanna Kishner, District Judge
Bowen Law Offices
Eighth District Court Clerk